UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM JAMES RESEIGH III,

    Plaintiff

v.  :  CIVIL NO. 3:CV-06-1911

LUZERNE COUNTY CORRECTIONAL  :  (Judge Kosik)
FACILITY, et al.,

    Defendants

### Memorandum and Order

**Background**

William James Reseigh III, an inmate currently confined at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2006. He completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. An Administrative Order is currently being issued by the court directing the warden at Plaintiff's present place of confinement to commence deducting the full filing fee from his prison trust fund account. Named as defendants are the Luzerne County Correctional Facility and Joca Jovanav, a fellow inmate at LCCF. The entire Statement of Claim portion of Plaintiff's complaint reads as follows:

> On Sept 16, I was attaced (sic) by Inmate Joca Jovanav. In my cell he pushed me to the ground and treanted (sic) to kill me by talling (sic) me I'm going to die. Priro (sic) to this taking place I have reqested (sic) to be removed from that cell due to problems with Joca Jovonav and C.O.'s refused to remove me as reqested (sic). I have sevral (sic) witness to this fact.

(Doc. 1 at unnumbered p. 4.) As relief, Plaintiff requests $50,000.00 in damages for emotional stress

due to not being protected, fearing for his safety and the assault he suffered. The matter is presently before the court for preliminary screening pursuant to 28 U.S.C. §1915.

## Discussion

Under the Prison Litigation Reform Act of 1995, the court is obligated to screen the complaint pursuant to 28 U.S.C. § 1915 when a plaintiff wishes to proceed in forma pauperis, as is the case here. Specifically, § 1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In considering the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court is guided by Fed. R. Civ. P. 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted . . . " In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). It is only a complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover that is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

In order to state an actionable claim under Section 1983, a plaintiff must allege that a person has deprived him or her of a federal right and, that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). In the instant case, Plaintiff only names two (2) defendants - - the Luzerne County Correctional Facility and inmate

2

Jovonav. It is well established that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

Similarly, a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Ci. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the Luzerne County Correctional Facility is clearly not a person and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

The remaining defendant is inmate Jovonav. Plaintiff must allege that a person has acted under color of state or territorial law in order to impose liability under § 1983. See West, 487 U.S. at 48. The fatal flaw of Plaintiff's action against Jovonav is that he is not a state actor. A plaintiff may not proceed against a private party "no matter how discriminatory or wrongful" the party's conduct may be. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Thus, Plaintiff fails to state a claim against defendant Jovonav.

The two defendants named by Plaintiff in his complaint are subject to dismissal. However, because in accepting all material allegations of the complaint as true and construing all inferences in the light most favorable to Plaintiff it appears he may be able to prove facts in support of his claim that would entitle him to relief, Plaintiff will be provided with the opportunity to file an amended complaint in this action in an attempt to name proper defendants. In so doing, he is advised that the

3

"amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. E.g., Rizzo v. Goode, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. See, Fed. R. Civ. P. 8(e)(1).

Plaintiff is further advised that if he fails to file an amended complaint adhering to the standards set forth above within the time period prescribed by the Court, the instant action will be dismissed for failure to state a claim upon which relief may be granted.

ACCORDINGLY, THIS 10th DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants Luzerne County Correctional Facility and Jovonav are dismissed from this action for failure to state a claim upon which relief can be granted.

2. Within fifteen (15) days from the date of this Order, Plaintiff shall file an amended complaint in this action in accordance with the above. Failure to do so will result in the dismissal of this action.

EDWIN M. KOSIK
United States District Judge