UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM JAMES RESEIGH III,           :
                                      :
          Plaintiff                   :
                                      :
     v.                               :   CIVIL NO. 3:CV-06-1911
                                      :
LUZERNE COUNTY CORRECTIONAL           :   (Judge Kosik)
FACILITY WARDEN GENE FISCHI,          :
et al.,                               :
          Defendants

**Memorandum and Order**

I.   Introduction

Plaintiff, an inmate at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2006, and proceeds in forma pauperis.[1] In the complaint only two Defendants were named: the LCCF and a fellow inmate, Joca Jovonav. When a prisoner wishes to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the court is obligated to engage in a screening process. Specifically, § 1915(e)(2) states as follows:

---

[1] Plaintiff completed this court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on October 11, 2006 (Doc. 9), directing the warden at LCCF to commence deducting the full filing fee from plaintiff's prison trust fund account.

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Pursuant to this screening provision, a Memorandum and Order was issued by the court on October 10, 2006, dismissing LCCF and Jovonav from the action on the basis of failure to state a claim, and allowing Plaintiff fifteen (15) days within which to file an amended complaint. (Doc. 8.) The amended complaint was thereafter submitted on October 18, 2006, and is now before the court for screening. For the reasons set forth below, the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II.     Background

In the amended complaint, Plaintiff names as Defendants the following LCCF employees: Gene Fischi, Warden; Sam Hyder, Deputy Warden; Major James Larson; Captain Hanleny; Corporals Pointkowski and Edwards, and Correctional Officers Novack and Linch. Plaintiff alleges that in the beginning of August of 2006, he was placed in a cell with fellow inmate Joca Jovanav. He states that he informed officers that he and Jovanav "did not get along." (Doc. 10, Amended Compl. at 2.) He thereafter spoke with Defendant Linch to see if he could be moved to a different cell because ". . . there were problems being in the cell." (Id.) Linch stated that he would

2

see what could be done, but thereafter forgot about Plaintiff's request. The next day, Plaintiff spoke with Defendant Pointkowski requesting to be moved because of "problems." (Id.) He also wrote requests to the Warden, Deputy Warden and Major asking them to move him before there was a fight, but received no answer. Plaintiff also asked Defendant Edwards to be moved and was referred to a "white shirt" for assistance. Plaintiff thereafter went to Defendant Hanleny, but was informed that he and his cellmate would have to get along because there were no other cells available.

Thereafter, on September 16, 2006, Plaintiff states that his cellmate pushed him to the ground using both hands and threatened him by saying he "was going to die." (Id.) Following the incident, Plaintiff spoke to a correctional officer and was moved to a different cell. As relief, Plaintiff requests $50,000.00 for the emotional stress he endured in fearing for his safety.

III. Discussion

In considering the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted . . . ." In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt

that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-08 (1976). Thus, we accept the truth of the Plaintiff's factual allegations, White v. Napoleon, 87 F.2d 103, 106 (3d Cir. 1990), and decide in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

Section 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), predicates a prisoner's claim for mental or emotional injury, suffered while in custody, on a showing of accompanying physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It has been concluded that a "less-than-significant-but-more-than- de minimis physical injury as a predicate to allegations of emotional injury" is required in order to pursue such a claim. Mitchell v. Horn, 318 F.3d 523, 536 (3d Cir. 2003).

In the instant case, Plaintiff alleges that his cellmate shoved him and threatened him. He seeks monetary damages for the "emotional stress" he suffered due to not

being protected and fearing for his safety.  He does not allege any accompanying physical injury.  As such, he has failed to state a federal cause of action.

**ACCORDINGLY, THIS 9th DAY OF NOVEMBER, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is directed to close this case.

3.  Any appeal from this Order will be deemed frivolous, lacking in good faith and without probable cause.

s/Edwin M. Kosik<br>United States District Judge